IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMI SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDIO NETWORKED SOLUTIONS, LLC,<br><br>    Defendant. | CIVIL ACTION<br>NO. 22-736 |

**OPINION ON ORDER DATED JULY 1, 2024 (DOC. NO. 178) DENYING CROSS-MOTIONS FOR PARTIAL RECONSIDERATION (DOC. NOS. 169, 174)**

Slomsky, J.

**I.   INTRODUCTION**

On February 28, 2022, Plaintiff Kami Smith commenced this action against Defendant Presidio Networked Solutions, LLC ("Presidio" or "Defendant"). (Doc. No. 1.) After ruling on cross-Motions for Summary Judgment, three claims remain in this case: (1) gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") (Count V) and (3) retaliation, in violation of the ADA (Count VI). (Doc. Nos. 165, 166.)

On June 28, 2024, Plaintiff filed a Motion asking the Court to reconsider its ruling dismissing Plaintiff's hostile work environment claim for failure to exhaust administrative remedies. (Doc. No. 169 at 1.) On July 1, 2024, Defendant filed a Response in Opposition and Cross-Motion for Reconsideration. (Doc. No. 174.) First, Defendant submits that Plaintiff's Motion for Reconsideration should be denied because Plaintiff's argument misconstrues the law the Court relied on in dismissing the hostile work environment claim. (Doc. No. 174-1 at 6.) Second, it argues that the Court should reconsider its ruling on Summary Judgment not dismissing

1

Plaintiff's remaining Title VII gender discrimination claims as untimely.  (Id. at 11.)  The Court denied the Cross-Motions for Summary Judgment in an Order dated July 1, 2024 (Doc. No. 178) and noted that an Opinion will follow.  In this regard, the Court will consider here both Motions for Reconsideration (Doc. Nos. 169, 174) in turn.

## II.     STANDARD OF REVIEW

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Clear error of law occurs when the court misapplies or fails to recognize controlling precedent.  See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3rd Cir. 2018) (citing Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015)).

However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'"  In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. V. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).  "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'"  United States v. Cephalon, Inc., 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93

– 2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. V. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Prods. Liab. Litig. (No. VI), 801 F.Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'1 Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

### III. ANALYSIS

#### A. Plaintiff's Motion for Reconsideration Will Be Denied

In Plaintiff's Motion for Reconsideration, she argues that the Court should reconsider its dismissal of Plaintiff's hostile work environment claim on the ground that she failed to administratively exhaust her claim. (Doc. No. 169 at 1.) Specifically, Plaintiff argues that Defendant waived its defense of failure to exhaust when it raised this issue for the first time in its Motion for Summary Judgment and that the Court overlooked the United States Supreme Court's decision on exhaustion in Fort Bend County v. Davis, 139 S.Ct. 1843 (2019). (Doc. No. 169 at 2.) However, this claim is meritless because the Court considered Davis in its ruling, and contrary to Plaintiff's contentions, Davis does not support her argument.

In Dey v. Innodata Inc., the district court described the Supreme Court's holding in Davis:

> Davis involved claims of religion-based discrimination and retaliation for reporting sexual harassment. The district court granted the defendant's motion for summary judgment, and the case was appealed to the Fifth Circuit, which affirmed as to the retaliation claim but reversed as to the religious-based discrimination claim. Defendant filed a petition for certiorari, but that petition was denied. When the case returned to the district court—now years into the litigation—the defendant moved to dismiss the complaint raising, for the first time, an exhaustion defense. The district court granted the motion, but the Fifth Circuit reversed, concluding that

3

> Title VII's exhaustion requirement is not jurisdictional, and that the defendant forfeited any exhaustion-based argument by not raising it until after an entire round of appeals all the way to the Supreme Court. The Supreme Court granted certiorari to resolve a conflict among the Circuit Courts over whether the requirement was in fact jurisdictional. The Supreme Court concluded that Title VII's charge-filing requirement is a mandatory processing rule, but it is "not a jurisdictional prescription delineating the adjudicatory authority of courts" and affirmed the Fifth Circuit's judgment.

2022 WL 596977, at *8 (internal citations omitted). Accordingly, unlike jurisdictional challenges which can be raised at any time, affirmative defenses based on a plaintiff's failure to follow a mandatory processing rule must be timely raised. See id. However, the court in Dey made the distinction that although exhaustion defenses must be timely raised, these defenses can still be timely if filed in a motion for summary judgment. Id. at *9 ("the Third Circuit has 'taken a more forgiving approach to parties who fail to raise affirmative defenses in an answer, as courts have held that the failure to raise an affirmative defense by responsive pleading or appropriate motion does not always result in waiver.'") (quoting Cevdet Aksut Ve Ogullari Koll. Sti v. Cavusoglu, No. 12-2899, 2016 WL 231018, at *5 (D.N.J. Jan. 19, 2016)).

Here, the same analysis applies. While Defendant raised its affirmative defense of failure to exhaust administrative remedies for the first time in its Motion for Summary Judgment, under Third Circuit Precedent, this affirmative defense was not waived. (See Doc. No. 169 at 2.) While courts have recognized that "raising an affirmative defense even at summary judgment is 'not the most appropriate, in cases in which the plaintiff was not prejudiced, [the Third Circuit has] held that there was no waiver." Cavusoglu, 2016 WL 231018, at *5 (quoting Eddy v. Virgin Islands Water and Power Authority, 256 F.3d 204, 209 (3d Cir. 2001). A plaintiff is not prejudiced if they are provided with "'sufficient time' to respond." Id. (finding that an affirmative defense raised in a joint pre-trial order provided plaintiff with "sufficient time" to respond without prejudice) (citing Anderson v. United States, No. CIV. A. 93-589 MMS, 1996 WL 490262, at *9 (D. Del. Aug. 23,

4

1996); see also Kleinknecht v. Gettysburg Coll., 989 F.2d 1360, 1373–74 (3d Cir. 1993) (internal quotation marks omitted) (affirmative defense first raised in motion for summary judgment); Charpentier v. Godsil, 937 F.2d 859, 863–64 (3d Cir. 1991) (affirmative defense first raised in trial brief); Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., 55 F.Supp.2d 309, 314–15 (D.Del. 1999); see Pantzer v. Shields Dev. Co., 660 F.Supp. 56 (D.Del.1986) (defendant could assert an affirmative defense of Statute of Frauds in a motion for summary judgment, since there was no prejudice to the plaintiff who had responded to the issue in his answering brief); Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997) (defendant permitted to raise collateral estoppel defense on motion for summary judgment when there is no surprise or unfair prejudice to the plaintiff); Dennis v. General Imaging, Inc., 918 F.2d 496, 499–500 (5th Cir. 1990) (defendant could assert an affirmative defense not set forth in its answer in a motion for summary judgment as there is no "unfair surprise" to the plaintiff).

Here, there was no prejudice to Plaintiff because the affirmative defense was properly raised on summary judgment, and she had sufficient time to respond. Notably, Plaintiff responded in its Response in Opposition (Doc. No. 104), at the hearing held on the Cross-Motions for Summary Judgment (Doc. No. 139) and in her Supplemental Brief in Further Support of the Cross-Motion for Summary Judgment (Doc. No. 150). In sum, Plaintiff's claim is without merit because Defendant did not waive its failure to exhaust defense. Accordingly, Plaintiff's Motion for Reconsideration will be denied.

B. Defendant's Motion for Reconsideration Will Be Denied

In Defendant's Motion for Reconsideration, it contends that the Court should reconsider its ruling on Summary Judgment and dismiss Plaintiff's remaining Title VII claims as untimely. (Doc. No. 174-1 at 16.) Specifically, Defendant argues that the Court erred in finding that the

5

continuing violation doctrine applies to Plaintiff's Title VII gender discrimination claims. (Id.) But the Court already considered this argument in its Opinion on Summary Judgment, and therefore reconsideration is not warranted. (See Doc. No. 165.)

As the Court noted in its Opinion (Id. at 18), the continuing violation doctrine applies when a plaintiff can "demonstrate that at least one act occurred within the filing period" and then "establish that the [alleged wrong] is more than the occurrence of isolated or sporadic acts." Kimes v. University of Scranton, 126 F. Supp. 3d 477, 492 (M.D. Pa. 2015) (quoting West v. Phila. Elec. Co., 45 F.3d 744, 755 (3d Cir. 1995)).

In its Motion for Reconsideration, Defendant reargues that the following acts were "isolated or sporadic acts" not related to Plaintiff's gender discrimination claim:

- Plaintiff claims that McElwain required her to "bring a male account manager" to a client meeting in June 2018. . .

- Plaintiff claims that McElwain told her "Kami, great job, now let the boys handle this" in July or August 2018. . .

- Plaintiff claims that an unidentified Presidio representative failed to change her title following its Peel & Grow restructuring in August 2019. . .

- Plaintiff claims that Waleck unsuccessfully attempted to remove part of the Allergan account from her management in July 2019. . .

- Plaintiff claims that Waleck – over her complaints – caused the Weichert account to be reassigned away from her in January 2020. . .

(Doc. No. 174-1 at 17-18) (internal citations omitted).

However, as the Court previously discussed, these acts all relate to Plaintiff's allegations that she "was treated differently because of her gender" which were "fueled by a belief that she was inferior to her male coworkers." (Doc. No. 165 at 20.) Because the Court previously discussed these claims in its Opinion on Summary Judgment, they are not a proper basis for

6

reconsideration. See Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d at 487 ("Mere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration."). Accordingly, Defendant's Motion for Reconsideration will be denied.

## IV.    CONCLUSION

For the reasons discussed above, the Cross-Motions for Reconsideration (Doc. No. 169, 174) will be denied.