IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAMI SMITH,

                        Plaintiff,

        v.

PRESIDIO NETWORKED SOLUTIONS,
INC.,

                        Defendant.

CIVIL ACTION
NO. 22-736

## TABLE OF CONTENTS

**Slomsky, J**                                          **September 5, 2024**

I.   INTRODUCTION ........................................................................................................ 2

II.  BACKGROUND ......................................................................................................... 3

III. LEGAL STANDARDS ............................................................................................... 4

IV.  ANALYSIS ................................................................................................................ 6

   A.  **Plaintiff is not Entitled to Attorneys' Fees** .................................................... 6

   B.  **Plaintiff's Request for Costs will be Granted in Part and Denied in Part** ................. 13

      1.  Delivery Services/Messengers ..................................................................... 16

      2.  Court Fees .................................................................................................... 16

      3.  Depositions ................................................................................................... 18

      4.  Litigation Support ........................................................................................ 20

      5.  E-Discovery .................................................................................................. 20

V.   CONCLUSION ......................................................................................................... 22

## I.     INTRODUCTION

On February 28, 2022, Plaintiff filed the instant action against Defendant Presidio, her former employer, alleging six (6) claims: (1) gender discrimination, disparate pay and hostile work environment claims, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) gender discrimination and hostile work environment claims, in violation of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA") (Count II); (3) retaliation, in violation of Title VII (Count III); (4) retaliation, in violation of the PHRA (Count IV); (5) disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") (Count V); and (6) retaliation, in violation of the ADA (Count VI).  (Doc. No. 1.)

After ruling on cross-Motions for Summary Judgment, three claims remained in this case: (1) gender discrimination, in violation of Title VII (Count I); (2) disability discrimination, in violation of the ADA (Count V); and (3) retaliation, in violation of the ADA (Count VI).  (Doc. Nos. 165, 166.)  An eight-day jury trial followed, beginning on July 8, 2024 and ending on July 16, 2024.

At the conclusion of trial, the jury found in favor of Plaintiff on only one Count—retaliation for Plaintiff's request for a reasonable accommodation of disability leave, in violation of the ADA (Count VI).  (Doc. No. 202 at 6.)  On this Count, the jury declined to award Plaintiff compensatory and punitive damages.  (See id.)  Instead, the jury awarded her $1.00 in nominal damages.  (Id. at 7.)  On July 17, 2024, the Court entered Judgment in favor of Plaintiff for $1.00 in accordance with the jury's verdict.  (Doc. No. 203.)

On July 31, 2024, Plaintiff filed the instant Petition for Attorneys' Fees and Costs, seeking $762,687.50 in attorneys' fees and $89,034.25 in costs.  (Doc. No. 215.)  On August 14, 2024, Defendant filed a Response in Opposition (Doc. No. 216), and on August 21, 2024, Plaintiff filed their Reply (Doc. No. 218).  On August 27, 2024, the Court held a hearing on the Petition for Attorneys' Fees and Costs.  (Doc. No. 219.)  At the hearing, the Court requested additional letter briefing from the parties, which they filed on August 27, 2024.  (Doc. Nos. 220, 221, 222.) Plaintiff's Petition for Attorneys' Fees and Costs (Doc. No. 215) is now ripe for disposition, and for the following reasons, the Petition will be granted in part and denied in part.

## II.     BACKGROUND

On July 31, 2024, Plaintiff filed her Petition for Attorneys' Fees and Costs.  (Doc. No. 215.)  The Petition seeks $762,687.50 in attorneys' fees and $89,034.25 in costs.  (Id. at 2.)  Six (6) attorneys and one (1) law clerk comprise Plaintiff's legal team.  (Id. at 4.)  The attorneys are: John P. McAvoy, Allison E. Gotthold, David F. McComb, Jonathan Weiss, Zachar[y] A. Silverstein and Scott Zlotnick.  (Id.)  The law clerk is Jenna L. Kurtz.  (Id.)  They attest that they spent a total of 1,907.7 hours working on Plaintiff's case.  (Id.)

In her Motion, Plaintiff submits that an award of attorneys' fees is warranted because her legal team "vindicated [her] statutorily protected right against retaliation under the ADA through excellent advocacy in a case that was hard fought from its [g]enesis by her former employer."  (Id. at 3.)  Further, her lawyers took her case "on a contingency fee basis when very few firms would or could."  (Id.)  She concludes that "Plaintiff is entitled to reasonable attorneys' fees and costs to be paid by Defendant Presidio."  (Id.)

On August 14, 2024, Defendant filed a Response in Opposition.  (Doc. No. 216.)  In general, Defendant submits that Plaintiff's request for attorneys' fees and costs is excessive and

unreasonable, and for these reasons the Court should deny the attorneys' fees, or in the alternative, reduce the amount. (Id. at 6.) In this regard, Defendant asserts that even if this Court were to entertain Plaintiff's request for attorneys' fees, the fees should nonetheless be reduced to $0 as Plaintiff fails to "make a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary[.]" (Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).)

Defendant next argues that the United States Supreme Court's decision in Farrar v. Hobby, 506 U.S. 103 (1992) and its progeny bars recovery of attorneys' fees in this case. (Id. at 6-7.) In Farrar, the Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (Id. (citing Farrar, 506 U.S. at 576).) Further, while Defendant recognizes that there are exceptions to this rule, it alleges that none of them apply to the case at hand. (Id.) Finally, regarding costs, Defendant submits that the requested costs are extraordinarily improper, not taxable as a matter of law, and Plaintiff has failed to follow the proper procedures in submitting them. (Id. at 8.) And "[e]ven if this Court could entertain Plaintiff's request for costs, it is, like her fee request, extraordinarily improper" because Plaintiff "seeks costs that she never incurred and that are not taxable [as] a matter of law." (Id.)

### III.  LEGAL STANDARDS

Under the ADA, a prevailing party is permitted to recover an award of attorney's fees and costs.  42 U.S.C. § 12205 ("the court or agency in its discretion, may allow the prevailing party [in an ADA retaliation case] . . . a reasonable attorney's fee, including litigation expenses, and costs . . ."). A fee award "is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous." Loughner v. U. of Pittsburgh,

260 F.3d 173, 178 (3d Cir. 2001) (quoting <u>Pa. Environ. Def. v. Canon-McMillan</u>, 152 F.3d 228,

232 (3d Cir. 1998)).  To obtain attorneys' fees, a plaintiff must establish that they are the prevailing

party and that the requested fees are reasonable.  <u>Hare v. Potter</u>, 549 F. Supp. 2d 698, 702 (E.D.

Pa. 2008) (citing <u>Pino v. Locascio</u>, 101 F.3d 235, 237 (2d Cir. 1996)).  For cases involving only

nominal damages, "'the 'technical' nature of a nominal damages award ... does not affect the

prevailing party inquiry'" for the purposes of awarding attorneys' fees, [but] 'it does bear on the

propriety of fees awarded....'"  <u>Pierce v. City of Philadelphia</u>, Civ. Act. No. 17-5539, 2019 WL

3536955, at *3 (E.D. Pa. Aug. 2, 2019) (quoting <u>Farrar</u>, 506 U.S. at 114).  Specifically, "[w]hen a

plaintiff recovers only nominal damages because of his failure to prove an essential element of his

claim for monetary relief, the only reasonable fee is usually no fee at all."  <u>Id.</u> (citing <u>Carey v.

Piphus</u>, 435 U.S. 247, 256–57, 264 (1978)).  The Third Circuit Held in <u>Velius</u> that in making this

determination:

> [t]he Court has "substantial discretion" under <u>Farrar</u> "to decide whether no fee or
> some fee would be reasonable, as long as [it] acknowledge[s] that a nominal
> damages award is presumptively a technical victory that does not merit an award
> of attorneys' fees."  If the Court determines that no fee or a low fee is reasonable, it
> need not apply multi-factor tests or calculate the lodestar.

466 F. App'x at 140–41.

Regarding costs, in addition to 42 U.S.C. § 12205, which allows a prevailing party to

recover litigation expenses and costs, 28 U.S.C. § 1920 permits a court to tax as costs certain items

incurred in litigation, such as "fees and disbursements for printing and witnesses."  28 U.S.C. §

1920.   Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the

prevailing party." Fed. R. Civ. P. 54(d)(1).  Taken together, "§ 1920 provides that a fee may be

taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless

the court otherwise directs." <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987);

see also Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 635 (E.D. Pa. 1998) ("Successful civil rights litigants are entitled to reimbursement of 'costs' connected with litigating their claim as long as the costs are reasonably and necessarily incurred.") (citation omitted).  As the Third Circuit explained in the seminal case of Race Tires America, Inc. v. Hoosier Racing Tire Corp., "[a]lthough Rule 54(d)(1) stipulates that 'costs ... should be allowed to the prevailing party,' Congress, in 28 U.S.C. § 1920, specified the litigation expenses that qualify as taxable 'costs.'"  674 F.3d 158, 163 (3d Cir. 2012) (emphasis in original) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)")).

## IV.    ANALYSIS

### A.  Plaintiff is not Entitled to Attorneys' Fees

At trial, Plaintiff litigated three claims—one under Title VII and two under the ADA. However, Plaintiff was only successful on one ADA claim: retaliation by her employer for her request for a reasonable accommodation of disability leave.  On that claim, the jury awarded Plaintiff $1.00 in nominal damages.  The jury declined to award her compensatory and punitive damages.  The parties do not dispute that her success on the ADA retaliation claim makes her the prevailing party, but Defendant submits that Farrar and its progeny nonetheless bar Plaintiff from receiving attorneys' fees because she only received nominal damages.  To analyze this claim, a brief discussion of the relevant law is necessary.

In Velius v. Township of Hamilton, the Third Circuit provided a comprehensive summary of controlling precedent on this issue, 466 F. App'x 133, 138-41 (3d Cir. 2012).  The analysis begins with the United States Supreme Court decision Farrar v. Hobby, 506 U.S. 103 (1992).

> In Farrar v. Hobby, a five-Justice majority of the Supreme Court held that
> civil rights plaintiffs who receive only nominal damages are prevailing

> parties under 42 U.S.C. § 1988.   The Court noted that the "technical
> nature" of a nominal damages award nevertheless "bear[s] on the propriety
> of fees awarded under § 1988."
> . . . .
>
> [T]he Court also opined that "[w]hen a plaintiff recovers only nominal
> damages . . . the only reasonable fee is <u>usually no fee at all</u>."

<u>Velius</u>, 466 F. App'x at 138 (citation omitted) (emphasis in original).  Justice O'Connor, although

in agreement with the majority, wrote a concurring opinion "to clarify what factors might

demonstrate the type of rare case in which nominal damages might not be '<u>de minimis</u>,' such that

attorneys' fees would be proper."   <u>Id.</u> at 139 (citation omitted).   She identified three factors to

consider: (1) "'a substantial difference between the judgment recovered and the recovery sought

[would] suggest the victory is in fact purely technical'"; (2) "'the significance of the legal issue'

on which the plaintiff prevailed'"; and (3) whether the litigation "'accomplished some public

goal.'"   <u>Id.</u> (citation omitted).

In <u>Jama v. Esmor Correctional Services, Inc.</u>, 577 F.3d 169, 175-76 (3d Cir. 2009), the

Third Circuit adopted Justice O'Connor's factors and set forth the following guidelines for

determining whether an award of attorney's fees is appropriate in a nominal damages case.  First,

"districts courts [have] substantial discretion to decide whether no fee or some fee would be

reasonable, as long as they acknowledge that a nominal damages award is presumptively a

technical victory that does not merit an award of attorneys' fees."  <u>Velius</u>, 466 F. App'x at 140-41.

Second, a court should look to "'[1] the difference between the relief sought and achieved . . . [2]

the significance of the legal issue decided and [3] whether the litigation served a public purpose,'"

in deciding whether to award attorney's fees.  <u>Id.</u> at 139 (citation omitted).

In <u>Velius</u>, these guidelines were applied.  The plaintiff was arrested by local police officers

after he was seen driving unpredictably through a high school parking lot.  <u>Id.</u> at 135.  Plaintiff

claimed that the officers dragged him from his vehicle, causing an injury to his chest and handcuffed him too tightly, despite his complaints, which led to permanent wrist injuries.  Id. Plaintiff brought a civil rights lawsuit against the two police officers for use of excessive force in violation of the Fourth Amendment.  Id.

At trial, the officers told a different story about how plaintiff was injured.  They claimed plaintiff exited the vehicle voluntarily, and while an officer was attempting to place him under arrest, both men fell to the ground accidently.  Id.  In Velius, the jury returned a verdict in favor of the plaintiff and against the officers on the Fourth Amendment claim.  Id.  Although the jury found the officers had used excessive force, they also found that plaintiff had not suffered any injury, and therefore awarded him $1 in nominal damages.  As the prevailing party, the plaintiff requested $82,600 in attorneys' fees under 42 U.S.C. § 1988.  Id.  The district court awarded $2,259 in fees, and plaintiff appealed.  Id.

Having found that the lower court did not properly apply the legal principles set forth in Farrar and Jama, the Third Circuit remanded the case with the following cautionary instructions:

> [T]he District Court should consider the fact that an "obtuse" verdict "cannot deter misconduct any more than a bolt of lightning can; . . . it teaches no valuable lesson because it carries no discernible meaning."  The verdict sheet in this case does not demonstrate whether the jury's verdict was based on the Officers pulling [the plaintiff] from his truck, handcuffing him too tightly, or both.  Thus, it cannot serve any substantial notice-giving function vis-à-vis the impropriety of tight handcuffing.  We further caution that, given the Farrar rule that nominal damages awards in civil rights cases usually will warrant no fee and that every civil rights case in which the plaintiff prevails on the merits vindicates some right, it cannot be the case that the mere vindication of rights alone suffices to distinguish those cases in which the presumption of no fee is overcome.

Id. at 141 n.4 (internal citation omitted).

On remand, the district court concluded that no fee was appropriate.  Velius v. Twp. of Hamilton, No. 09-53, 2012 WL 2397938, at *2 (D.N.J. June 22, 2012) ("Plaintiff sought

[$150,000] and recovered only $1.  In light of Plaintiff's failed attempt to recover substantial monetary damages, this case is not the rare one in which the recovery of only nominal damages justifies the award of attorney's fees.") (internal citation omitted); <u>see also</u> <u>Farrar</u>, 506 U.S. at 114-15 (affirming the denial of attorneys' fees where the plaintiffs "received nominal damages instead of the $17 million in compensatory damages that they sought," noting that the "litigation accomplished little beyond giving [the plaintiffs] 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way") (citation omitted). Further, these legal principles have been applied to ADA cases.  See <u>Robinson v. First State Cmty.</u> <u>Action Agency</u>, 811 F. App'x 808, 809 (3d Cir. 2020) (applying <u>Farrar</u> to deny attorneys' fees in the ADA context); <u>Shelton v. Louisiana State</u>, 919 F.3d 325, 328 (5th Cir. 2019) (discussing that <u>Farrar</u> applies to ADA cases).

In this case, it is undisputed that Plaintiff is a prevailing party for purposes of the ADA. And, as required, this Court acknowledges that the jury's award of nominal damages, "is a presumptively technical victory that does not merit an award of attorneys' fees."  <u>See</u> <u>Velius</u>, 466 F. App'x at 140-41.  But for reasons that follow, like the plaintiffs in <u>Farrar</u> and <u>Velius</u>, Plaintiff has failed to overcome this holding.  An award of attorneys' fees is unwarranted based on the three factors adopted by the Third Circuit in <u>Velius</u>.[1]  Here, all three factors weigh against awarding attorneys' fees.

First, the court must evaluate the "difference between the relief sought and achieved" as a "substantial difference. . . suggest[s] the victory is in fact purely technical."  <u>Velius</u>, 466 F. App'x at 139 (citation omitted).  Courts evaluate this factor in two ways: (1) by comparing the number

---

[1] To repeat, the three factors are: "'[1] the difference between the relief sought and achieved, . . . [2] the significance of the legal issue decided and [3] whether the litigation served a public purpose.'" <u>Velius</u>, 466 F. App'x at 139 (citation omitted).

of claims plaintiff prevailed on against the number of claims originally brought; or (2) the difference between damages sought and the amount of damages recovered.  See Petrunich v. Sun Bldg. Systems, Inc., 625 F.Supp.2d 199, 207 (M.D. Pa. 2008) (finding that $1.00 recovered when plaintiff sought $150,000 was a substantial difference); Anderson v. City of Phila., No. 11-4623, 2013 WL 1008062, at *5 (E.D. Pa. Mar. 14, 2013) (finding a substantial difference between a $200,000 settlement demand and $3 of nominal damages); Jordan ex rel Arenas-Jordan v. Russo, No. 09-88, 2014 WL 869482, at *8 (W.D. Pa. Mar. 5, 2014) (finding a substantial difference when Plaintiff originally alleged six (6) civil rights violations but only prevailed on one).

Here, the first factor weighs against an award of attorneys' fees because there is a substantial difference of the number of claims Plaintiff brought and prevailed on.  Here, like the plaintiff in Russo, Plaintiff originally brought six (6) claims against Defendant but only prevailed on one (1).  Second, there is also a substantial difference between the amount Plaintiff sought at trial and the jury's award of $1.00 in nominal damages.  While Plaintiff's Complaint does not make a specific demand for money damages, Defendant represents that Plaintiff's "most recent settlement demand on the eve of trial was $995,000."[2]  (Doc. No. 216 at 15 (citing Doc. No. 214-

---

[2]  Courts in this district have used settlement demands and rejected settlement offers when making the substantial difference evaluation.  See Russo, 2014 WL 869482, at *8.  For example, when faced with a complaint that did not allege a specific demand of monetary damages, the court in Russo looked at the settlement demand and a rejected settlement offer:

> At trial, according to Defendants, Plaintiffs "did not argue for specific, individual damages" but "simply requested redress for [the] violation of plaintiffs' constitutional rights."  Indeed, the only indication in the record before the court relative to the amount of damages sought in this case comes from a report of the parties' early neutral evaluation.  According to this report, as of September 30, 2009, Plaintiffs' aggregate "bottom-line demand" was $25,000.00.  Since Plaintiffs did not accept the $10,000.00 offer of judgment,

1 at 2)).  Because there is a substantial difference between the relief sought and achieved, the

amount of $1.00 represents a purely technical victory.  Thus, this factor weighs against an award

of attorneys' fees.[3]

      The second factor—the significance of the legal issues on which plaintiff prevailed—also

weighs against awarding attorneys' fees.  "[C]ourts assess this factor in two ways: 'either by [1]

examining whether the legal issue ... was a central aspect of her entire claim, or [2] by examining

the importance of the legal right ... as compared to other legal rights generally.'"  Pierce v. City of

Phila., 2019 WL 3536955, at *3 (E.D. Pa. Aug. 2, 2019) (citing Carroll v. Clifford Twp., Civ. Act.

No. 3:12-0553, 2014 WL 2860994, at *3 (M.D. Pa. 2014)).  Under the first method, a claim is

central if it "was the focal point of the litigation."   Haines v. Forbes Road School Dist., Civil

Action Nos. 1:07–cv–00851, 1:07–cv–00852, 2010 WL 56101, at *3 (M.D. Pa. Jan.5, 2010).

Under the second method, courts in this district have recognized that "while the right to be free

from unlawful retaliation is undoubtedly important, the Third Circuit has 'caution[ed], given the

Farrar rule. . . [that] it cannot be the case that the mere vindication of rights alone suffices to

---

      Maria Jordan's recovery of $1.00 can only be considered a small fraction of the
      damages sought.

Id. (internal citations omitted).  Accordingly, a settlement demand may be used for purposes of the
substantial difference analysis.  See e.g., Pickens v. Se. Pa. Transp. Auth., Civ. Act. No. 15-1489,
2017 WL 3722427, at *8 (E.D. Pa. Aug. 29, 2017) (considering plaintiff's settlement demand of
$60,000 when comparing damages awarded to damages sought); Yarnall v. Philadelphia School
Dist., 203 F. Supp.3d 558, 566 (E.D. Pa. 2016) (considering that plaintiffs demanded as much as
$200,000 during settlement conferences when comparing damages awarded to damages sought).

[3]  The Supreme Court emphasized in Farrar that "[w]here the purpose of litigation is a monetary
recovery, [the first factor] is the most critical factor in determining the propriety of a fee award."
Petrunich, 625 F.Supp.2d at 207 (citing Farrar, 506 U.S. at 114-15).  This Court will therefore give
this factor its appropriate weight, but also consider the additional two factors.  See Pierce, 2019
WL 3536955, at *3 ("Although the Court need not consider the two additional factors identified
by Justice O'Connor in Farrar, it will do so briefly.")

distinguish those cases in which the presumption of no fee is overcome.'"  Pierce, 2019 WL 3536955, at *3 (quoting Velius, 466 F.App'x at 141 n.4).  In Yarnall, the court applied both methods and concluded:

> [Plaintiff's] claim was not novel, and we cannot see how plaintiffs' circumstances stand out in any "significant" way from any other Title VII hostile work environment action.  Moreover, the Title VII claim, which was one of five claims in plaintiffs' Third Consolidated Amended Complaint, is not a "significan[t] ... legal issue" in the context of this case.

203 F.Supp.3d at 566; see also Pierce, 2019 WL 3536955, at *3 (finding that plaintiff's legal issue was not significant because it was not novel).  Here, the same principle applies.  While the right to be free from retaliation for requesting a reasonable accommodation is undoubtedly important, Plaintiff's claim was one of the six (6) alleged in her Complaint.  And, while the jury found that Plaintiff requested a reasonable accommodation of an extended leave of absence and was terminated for doing so (See Doc. No. 202 at 6), nothing indicates here that Plaintiff's circumstances are novel compared to other plaintiffs whose rights were violated by ADA retaliation.

Finally, the public purpose factor also weighs against attorneys' fees.  Regarding this factor, "the Court must consider 'whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights.'"  Petrunich, 625 F. Supp. 2d at 208-09 (quoting Mercer v. Duke Univ., 401 F.3d 199, 207 (4th Cir. 2005)).  "A case accomplishes a public purpose where it vindicates the rights of others, creates new precedent, deters future deprivations, and/or provokes a change in the defendant's behavior."  Id.; see also Russo, 2014 WL 869482, at *10 (litigation may serve a public purpose "by clarifying an otherwise ambiguous area of the law.").  In applying these principles to a plaintiff's claim of age discrimination, the court in Petrunich held:

Here, [plaintiff]'s litigation did not advance a public purpose. His complaint asserted age discrimination claims that did not "result in ground-breaking conclusions of law," <u>Pino</u>, 101 F.3d at 239, and will not "have a profound influence on the development of the law and on society." <u>Mercer</u>, 401 F.3d at 207; <u>see also</u> <u>id.</u> ("[Plaintiff's] case was important in that it marked a milestone in the development of the law under Title IX [and] will serve as guidance to other schools facing similar issues."). His complaint implicated an important interest—the right to a discrimination-free workplace—but [plaintiff] sought to redress his own injuries without regard to other similarly situated employees. For instance, the complaint contained no allegations of a pattern or practice of age-based discrimination nor a request for broad-based equitable relief. Because [plaintiff]'s lawsuit failed to advance a public purpose, this factor weighs against a fee award.

<u>Id.</u> at 209.

Here, like the plaintiff in <u>Petrunich</u>, Plaintiff sought to redress her own injuries without regard to other similarly situated employees. She did not allege that Defendant engaged in a pattern or practice of retaliating against disabled employees for making reasonable accommodation requests. Notably, Plaintiff conceded at trial that the majority of employees' reasonable accommodation requests for leaves of absences were honored. Because Plaintiff's lawsuit did not advance a public purpose, this factor weighs against a fee award. Taken together, all three <u>Farrar</u> factors weigh against granting attorneys' fees and accordingly, "the only reasonable fee is no fee at all." <u>Petrunich</u>, 625 F.Supp.2d at 209. Thus, Plaintiff's request for attorneys' fees will be denied.

**B.  Plaintiff's Request for Costs will be Granted in Part and Denied in Part**

Plaintiff also seeks $89,034.25 for costs incurred in this case. (Doc. No. 215 at 2.) In support of this request, Plaintiff submits an individualized record of costs and expenses. (Doc. No. 215-12.) Plaintiff attests that the individualized record of costs and expenses "accurately reflect[s] the costs and expenses incurred" by Plaintiff in this litigation. (Doc. No. 215 at 11.)

Defendant does not dispute that, as a prevailing party, Plaintiff is entitled to reasonable costs connected with litigating her claims. However, Defendant submits that Plaintiff's request is

13

limited to the categories of costs outlined in 28 U.S.C. § 1920.  (Doc. No. 216 at 30.)  Plaintiff

disagrees, arguing that 42 U.S.C. §12205 governs the allocation of costs.  (Doc. No. 218 at 8.)

Accordingly, the Court must first determine which federal statute governs Plaintiff's requests for

costs.

Section 12205 of the ADA provides that a prevailing party may recover "a reasonable

attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.  As discussed above,

Plaintiff is the prevailing party.  However, as discussed in Section IV(A) supra, despite being the

prevailing party, Plaintiff's victory was a technical one that does not merit an award of attorneys'

fees pursuant to 42 U.S.C. § 12205.  Because the plain language of § 12205 includes costs as a

portion of "a reasonable attorney's fee," Plaintiff is precluded from receiving costs pursuant to §

12205 since Plaintiff's victory of $1.00 was merely technical.

However, Plaintiff may still be eligible for costs pursuant to Federal Rule of Civil

Procedure Rule 54(d)(1) and 28 U.S.C. § 1920.[4]  Federal Rule of Civil Procedure 54(d)(1) provides

that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than

attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  As the Third

Circuit explained in the seminal case of Race Tires, "[a]lthough Rule 54(d)(1) stipulates that 'costs

... should be allowed to the prevailing party,' Congress, in 28 U.S.C. § 1920, specified the litigation

expenses that qualify as taxable 'costs.'"  674 F.3d 158, 163 (3d Cir. 2012) (emphasis in original)

---

[4]   For example, in Carroll, the Third Circuit held that "[a] party's limited success, taken alone, does
not justify denial of costs."  Carroll, 625 Fed.Appx. 43, 47 (3d Cir. 2015).  In that case, the Third
Circuit affirmed the district court's denial of attorneys' fees based on the plaintiff only receiving
$1 in damages and failing to show that the Farrar factors warranted an award.  Id. at 46.  However,
the Third Circuit found that the district court erred when it denied the plaintiff's request for costs
without considering Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  Id. at 47.

(quoting Crawford, 482 U.S. at 441 ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)")).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Thus, the Court will evaluate Plaintiff's request for costs pursuant to § 1920.

Turning to Plaintiff's request for costs of $89,034.25, Plaintiff divides this total into five (5) categories:

| Category | Cost Incurred |
|---|---|
| Delivery Services/Messengers | $2,063.00 |
| Court Fees | $726.51 |
| Depositions | $25,871.60 |
| Litigation Support | $1,622.14 |
| E-Discovery | $58,751.00 |
| **Total** | **$89,034.25** |

(Doc. No. 215 at 11.)  The Court will discuss each category in turn.

1. <u>Delivery Services/Messengers</u>

First, Plaintiff requests $2,063.00 for "Delivery Services/Messengers." (<u>Id.</u>) Delivery services and messengers are not permitted as costs under 28 U.S.C. § 1920. <u>Nugget Distributors Co-op. of America, Inc. v. Mr. Nugget Inc.</u>, 145 F.R.D. 54, 58 (E.D. Pa. 1992) ("Nothing in § 1920 even remotely authorizes plaintiff's claims for . . . delivery service and secretarial overtime expenses."); <u>see also</u> <u>Sixth Angel Shepherd Rescue, Inc. v. Bengal</u>, Civ. Act. No. 10-1733, 2013 WL 5309269, at *11 (E.D. Pa. Sept. 23, 2013) (finding that "$127 in delivery expenses" was "not taxable under § 1920.")**;** <u>Knowles v. Temple Univ.</u>, 109 F.4th 141, 144 (3d Cir. 2024) (holding costs charged by private process servers are not taxable under § 1920.) Accordingly, Plaintiff's request for costs will be reduced by $2,063.00.

2. <u>Court Fees</u>

Second, Plaintiff requests $726.51 in "Court Fees." This request is comprised of:

1. "Court Filing Fees – 2/8/2022 – Pennsylvania Eastern District Court": $402.00

2. "Court Filing Fees 02/01/2023 Motion for Alternative Service (RD)": $72.68

3. "Estimate Payment for court transcripts" to "THERECORDXCHANGE": $86.60

4. Payment to "THERECORDXCHANGE": $165.23

(Doc. No. 215-12 at 1-2.) Each line item will be discussed in turn.

First, Plaintiff's request for (1) "Court Filing Fees – 2/8/2022" will be granted. Courts have held that "Section 1920 authorizes the award of costs for. . . filing fee[s]." <u>Nugget</u>, 145 F.R.D. at 57. Further, Plaintiff's request is evidenced by the filing fee receipt of $402.00 on the docket. (<u>See</u> Doc. No. 1.) Accordingly, Plaintiff will be awarded this cost.

Second, Plaintiff's request for (2) "Court Filing Fees 02/01/2023 Motion for Alternative

Service (RD)" of $72.68 will be denied.  While filing fees, like the $402 filing fee above, are

recoverable, "expenses for which [a] plaintiff has not provided an adequate description of the cost

will be denied." Sixth Angel, 2013 WL 5309269, at *9 (quoting Nugget, 145 F.R.D. at 59).

Further, courts "will not award costs incurred in a separate lawsuit." Id.  Here, Plaintiff did not

provide evidence or supporting invoices showing that Plaintiff paid $72.68 to the Clerk of Court

as a filing fee.[5]  Accordingly, this request will be denied.

Finally, requests (3) and (4) will be awarded.   Plaintiff's request for (3) and (4) in full are as

follows:

> Francesca    Crespo    –    Estimate    payment    for    court    transcripts    –
> THERECORDXCHANGE – 07/17/2024)
>
> . . .
>
> Francesca Crespo – Payment of $165.23 is the remaining balance of the attached
> invoice.  A previous amount of $186.96 was already paid under N. Raco's Ramp
> card.  I am taking this over while she is on vacation. – THERECRODXCHANGE
> – 07/16/2024

(Doc. No. 215-12 at 2.)  These entries show that that payments of $86.60 and $165.23 were for

trial transcripts of 7/17/2024 and 7/16/2024.  Trial transcripts are taxable pursuant to Section

1920(2) if they are used in post-trial motions.  See Denton v. DaimlerChrysler Corp., 645

F.Supp.2d 1215, 1228 (N.D. Ga. 2009) (citing 28 U.S.C. § 1920(2) ("[f]ees for printed or

electronically recorded transcripts necessarily obtained for use in the case.")) Here, Plaintiff has

used trial transcripts when drafting post-trial motions.  Accordingly, requests (3) and (4) will be

awarded.

---

[5]  Specifically, unlike the filing fee of $402, there is no evidence of this fee on the docket.  Further,
no additional documentation explaining the charge of $72.68 was provided.

In sum, Plaintiff's request for "Court Fees" of $726.51 will be reduced to $653.83.

3. <u>Depositions</u>

Next, Plaintiff seeks $25,871.60 for "Depositions."  In support of this request, Plaintiff lists twenty (20) deposition transcripts and their costs.  Defendant argues that these costs should be reduced because some of the depositions only relate to claims Plaintiff was unsuccessful on.  The Court disagrees.

"A prevailing party may be allowed costs [under § 1920(2)] for deposition transcripts that are reasonably necessary for the case." <u>Adams v. Teamsters Local 115</u>, 678 F.Supp.2d 314, 326 (E.D. Pa. 2007) (citing <u>Herbst v. Gen. Accident Ins. Co.</u>, No. Civ. A. 97-8085, 2000 WL 1185517, at *2, (E.D. Pa. Aug. 21, 2000)).  As the court described in <u>Adams</u>, there are several situations where costs for deposition transcripts are considered reasonably necessary:

> "It is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken." <u>Montgomery County</u>, 2004 WL 1087196, at *6, 2004 U.S. Dist. LEXIS 8611, at *20 (quoting <u>Smith v. Crown Equip. Corp.</u>, 2000 WL 62314, at *3, 2000 U.S. Dist. LEXIS 530, at *9 (E.D. Pa. Jan. 13, 2000)). Depositions that are used in support of a motion for summary judgment are necessarily obtained for use in the case, even if they were not essential to the court's resolution of the case. <u>Fitchett v. Stroehmann Bakeries</u>, 1996 WL 47977, at **3–4, 1996 U.S. Dist. LEXIS 1168, at **9–10 (E.D. Pa. Feb. 5, 1996). However, costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed. <u>Montgomery County</u>, 2004 WL 1087196, at *6, 2004 U.S. Dist. LEXIS 8611, at **20–21.

<u>Id.</u>  In sum, a court may still award deposition fees for witnesses that only relate to counts that were disposed of after the summary judgment stage.  <u>See</u> <u>Fitchett</u>, 1996 WL 47977, at *4 ("The

fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case.")[6]

Here, Plaintiff requests costs for the depositions of eleven (11) individuals:  Kami Smith, Sylvia Maston, Anna Gross, Joseph Waleck, Nigel Baxter, Jerry McAvey, Lou McElwain, Anthony Cali, Vincent Trama and Vinu Thomas.  (Doc. No. 215-12 at 1-2.)  These depositions were reasonably necessary for this case.  First, four (4) of the eleven (11) individuals testified at trial.  They were Kami Smith, Joseph Waleck, Anthony Cali and Vincent Trama.  Second, portions of Gross and Mastons' depositions were presented at trial.  (See Doc. No. 209 at 7:23.)  Finally, the remaining five (5) deposed individuals were discussed at trial and in Plaintiff's Motion for Summary Judgment.  Accordingly, Plaintiff's request for costs of $25,871.60 for depositions is taxable under § 1920 and will be awarded.

---

[6] In accordance with these principles, the Court finds unpersuasive Defendant's argument that costs for deposition transcripts "that have no relationship or at best a partial relationship to Plaintiff's lone successful ADA claim" should not be awarded.  (Doc. No. 216 at 32.)  Rather, the rule in Adams is clear that "[i]t is sufficient that the depositions appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken."  678 F.Supp.2d at 326 (citations omitted).  Further, when faced with the same argument that costs should be apportioned, the court in Helsinn Healthcare S.A. v. Teva Pharmaceuticals USA, Inc., rejected this argument by holding:

> A prevailing party may recover all of its costs even though it achieved limited success on the merits of its action. This is so because often, a common core of facts underlies both the successful and unsuccessful claims, and therefore, the same costs would have been incurred, even in the absence of the unsuccessful claims.

Civ. Act. No. 11-3962, 2016 WL 660601, at *12 (D.N.J. Feb. 18, 2016).  Moreover, the case Defendant cites to in favor of apportionment, Doe v. Borough of Dunmore, No. 3:05-CV-1342, 2013 WL 685144, at *14 (M.D. Pa. Feb. 25, 2013), deals with costs awarded under a fee shifting statute, not costs awarded pursuant to 28 U.S.C. § 1920.

4. <u>Litigation Support</u>

Next, Plaintiff requests $1,622.14 under the category "litigation support."  The individual requests relate to trial transcripts.  This request is comprised of two records:

1.  $168.04 for "Trial Transcript. . . 07/11/2024

2.  $1,454.10 for "Trial Transcript . . . 07/12/2024

(Doc. No. 215-12 at 2.)  As discussed above, trial transcripts are taxable costs pursuant to 28 U.S.C. § 1920(2).  Accordingly, the request for $168.04 for the 7/11/2024 trial transcript is taxable and will be awarded.  However, the second request for $1,454.10 for the 7/12/2024 transcript will be denied.  As discussed above, "expenses for which [a] plaintiff has not provided an adequate description of the cost will be denied." <u>Sixth Angel</u>, 2013 WL 5309269, at *9 (quoting <u>Nugget</u>, 145 F.R.D. at 59).  Here, each of Plaintiff's trial transcript costs range from $86 to $168.04, except her request for $1,454.10.  However, Plaintiff provides no explanation or evidence to explain this disparity.  Accordingly, without an adequate description, this request will be denied.  Plaintiff's request for "litigation support" will be reduced to $168.04.

5. <u>E-Discovery</u>

Lastly, Plaintiff requests $58,751.00 in "E-Discovery costs."  This consists of nine (9) line items:

1.  $20,502.20 for "Experts- Data Analytics and Data Processing" on 8/14/23 to Consilio LLC
2.  $5,204.24 for "# INV549355; eDiscovery Vendor" on 8/21/2023 to Consilio LLC
3.  $7,523.11 for "Experts- Project Management & Support Services" on 9/22/2023 to Consilio LLC
4.  $3,493.21 for "Confidential Research" on 1/25/2024 to Consilio LLC
5.  $3,493.21 for "Active Hosting-ECA" on 2/1/2024 to Consilio LLC
6.  $3,755.71 for "User Access" on 2/1/2024 to Consilio LLC
7.  $13,503.90 for "Active Hosting-ECA" on 2/1/2024 to Consilio LLC

    8.      $637.71 for "Relativity-Hosting of Data" on 6/12/2024 to Consilio LLC

    9.      $637.71 for "Hosting of Data" on 7/12/2024 to Consilio LLC

(Doc. No. 215-12 at 1-2.)

E-discovery costs are evaluated pursuant to subsection (4) of § 1920. <u>Langenberg v. Papalia</u>, Civ. Act. No. 12-175, 2014 WL 4792125, at **2-3 (W.D. Pa. Sept. 24, 2014) (citing <u>Race Tires</u>, 674 F.3d at 171). In applying § 1920(4), the Third Circuit held in <u>Race Tires</u> that only e-discovery costs attributable to "copying" are recoverable. 674 F.3d at 171. Specifically, it held that:

> [O]f the numerous services the vendors performed, only [1] the scanning of hard copy documents, [2] the conversion of native files to TIFF, and [3] the transfer of VHS tapes to DVD involved "copying," and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the "costs of making copies of any materials."

<u>Id.</u> In making this ruling, the Third Circuit found that the following e-discovery costs are not recoverable; "collecting and preserving ESI; processing and indexing ESI; [and] keyword searching of ESI for responsive and privileged documents." <u>Id.</u> at 167.

As discussed above, Plaintiff makes nine (9) requests for electronic discovery. While Plaintiff argues that "the majority of the costs are for converting materials into the agreed upon .tiff format," she provides no evidence to back up this claim. (Doc. No. 218 at 9.) In <u>Supernus Pharma., Inc. v. Twi Pharma, Inc.</u>, when faced with similar broad requests, the district court denied the costs of electronic discovery in their entirety. The court reasoned:

> [Defendant] aptly sums it up in its statement that "[Plaintiff's] requested costs for ESI fail because there is no way to separately identify the taxable costs for creating TIFFs." This is not, as [Plaintiff] claims, a matter of a "few entries" arguably including non-taxable work. Every single entry includes non-taxable services. No services whatsoever of the type deemed taxable by the <u>Race Tires</u> court have been isolated. Even if he were inclined to do so, the Clerk has no way of hazarding a guess at the taxable costs. The fact that Plaintiff is requesting a small portion of the

entire bill is irrelevant to this analysis. The costs of electronic discovery are denied
in their entirety.

Civ. Act. No. 15-369, 2018 WL 2175765, at *13 (D.N.J. May 11, 2018).

Here, the same analysis applies.  Plaintiff makes no attempt to distinguish taxable e-
discovery related to .tiff documents from non-taxable e-discovery.[7]  Accordingly, Plaintiff's
request for e-discovery documents will be denied in their entirety.

In sum, Plaintiff's request for costs of $89,034.25 will be reduced pursuant to 28 U.S.C. §
1920 to $26,693.43.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 215),
will be granted in part and denied in part as follows:

1.  Plaintiff's Request for $762,687.50 in Attorneys' Fees will be denied.

2.  Plaintiff's Request for $89,034.25 in Costs will be granted in part and denied in part.
    Plaintiff will be awarded $26,693.43 in costs.  Plaintiff's request for an additional
    $62,340.82 in costs will be denied.

An appropriate Order follows.

---

[7]   Notably, Plaintiff's Exhibit 12 provides invoice numbers, but does not provide any copies of the
invoices to the Court.  (See Doc. No. 215-12 at 1-2.)